IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 6:23-cr-00614-DCC-1 |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Esteban Colon Pacheco, ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Defendant's Pro Se Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, wherein he alleges his attorney failed to file an appeal as requested. See ECF No. 411.

On November 2, 2023, Defendant pleaded guilty pursuant to a written plea agreement to Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine and a Quantity of Cocaine, in violation of 21 U.S.C. §§ 846, 841 (b) (1) (A), and 841(b) (1) (C) ("Count One"); Possession of a Machine Gun in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §§ 924(c) (1) (B) (ii) and 92l(a) and 26 U.S.C. § 5845(b) ("Count 4"); and Distribution of 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 84l(a) (1) and (b) (1) (A) ("Count 17"). See ECF No. 199. On August 26, 2024, Defendant was sentenced to a term of 276 months, consisting of 120 months as to Counts One and Seventeen and 156 counts as to Count Four to run consecutively, followed by a five-year term of supervised release to run concurrently as to each count. ECF No. 389.

On May 5, 2025, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel for failing to file a notice of appeal on his behalf. ECF No. 411. In his Motion, Defendant alleges he asked his counsel to appeal

just after he was sentenced, but he was told an appeal would not be successful and his request to appeal was ignored. *Id.* at 2–3. Defendant asks the Court for relief in the form of granting him an out-of-time appeal by vacating and re-imposing his current sentence. *Id.* at 12. The Government filed a Response in support of Defendant's Motion, explaining that sentencing counsel expressed she does not recall Defendant's request but "her statement is cabined by concerns with translation issues, timing, and the obvious confusion of Pacheco and his family." *See* ECF No. 418 at 3. As such, the Government now requests that the Court vacate Defendant's sentence and reimpose the same sentence, which would reinstate Defendant's right to file a notice of appeal within fourteen days of the newly imposed sentence.[1] *See id.*

After review, and in consideration of the applicable law, the Court finds no hearing necessary because the Government does not dispute that Defendant's attorney failed to file a notice of appeal as directed, thereby prejudicing Defendant. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (explaining that "[a]s lawyer who disregards a defendant's specific instruction to file a timely notice of appeal acts in a manner that is professionally unreasonable" and that a presumption of prejudice applies when an attorney's deficient performance deprives defendant of an appeal); *United States v. Kirt*, No. 4:17-CR-108-BHH, 2023 WL 8242553 (D.S.C. Nov. 28, 2023) (allowing belated appeal, without a hearing, where the government did not dispute the movant's allegation that counsel failed to comply with a request to file a notice of appeal). An attorney's failure to file a direct appeal after a request from a client constitutes ineffective assistance of counsel. *See*

---

[1] In doing so, the Government notes it is not waiving any bargained-for benefit in the plea agreement, including the enforceability of the appeal waiver. ECF No. 418 at 4 n.1.

*United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). When a prisoner alleges that his attorney failed to file an appeal as requested, the Court has the authority to vacate the sentence and immediately reimpose and reinstate the movant's judgment of conviction to allow the prisoner to appeal. *See id.* Therefore, the Court hereby vacates Defendant's sentence and immediately reinstates and reimposes his judgment of conviction. Defendant's § 2255 Motion, ECF No. 411, is dismissed with leave to refile and his criminal judgment is vacated and immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order.

　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　s/ Donald C. Coggins, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

July 10, 2025
Spartanburg, SC

## NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION

Defendant is hereby notified that he has **FOURTEEN (14) DAYS** from the filing date of this order in which to file a notice of intent to appeal <u>his criminal judgment of conviction</u>, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline will waive the right to appeal.

## NOTICE OF RIGHT TO APPEAL

The following notice relates only to Defendant's right to appeal this Order and should not be confused with the fourteen-day period in which to file a notice of intent to appeal the judgment of conviction. Defendant is hereby notified that he has the right to appeal <u>this Order</u> within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.